UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEL PIMENTEL TRAVIEJO,

       Petitioner,

   v.                       Case No.:  2:26-cv-01489-SPC-NPM

WARDEN MATTHEW MORDANT
*et al.*,

       Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Michel Pimentel Traviejo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Pimentel Traviejo is a native of Cuba who was paroled into the United States on July 29, 2012.  He was convicted of domestic violence battery in 2015 and possession of cocaine in 2018.  Pimentel Traviejo was arrested for cocaine possession again in 2019, and Immigration and Customs Enforcement ("ICE") commenced removal proceedings.  An immigration judge ordered Pimentel Traviejo removed on February 3, 2020, and he was convicted of the second cocaine charge later that month.  ICE released Pimentel Traviejo under an order of supervision on February 17, 2020.

On November 6, 2025, local law enforcement arrested Pimentel Traviejo for trespassing. ICE revoked his release under 8 C.F.R. § 241.13(i) "[d]ue to [his] recent criminal history and [his] failure to follow the conditions set forth

in [his] order[.]"  (Doc. 5-1 at 20).  He has been in ICE detention since then. Pimentel Traviejo argues his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his removal is not likely in the foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Pimentel Traviejo's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release.  Pimentel Traviejo allegedly violated a condition of his release by committing trespass.  Thus, he "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."   8 C.F.R. § 241.13(i)(1).  After that six-month period, Pimentel Traviejo may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

At bottom, Pimentel Traviejo does not claim ICE failed to afford the process due under § 241.13(i)(1), and *Zadvydas* does not prohibit ICE from re-detaining a noncitizen who violated conditions of an order of supervision.  *See Zadvydas*, 533 U.S. at 695 ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

Accordingly, it is hereby

**ORDERED:**

Michel Pimentel Traviejo Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record